Joel Christiansen, OSB No. 080561
joel@oremploymentlawyer.com
VOGELE & CHRISTIANSEN
812 NW 17th Avenue
Portland, OR 97209
(503) 841-6722

    Of Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **STEPHEN HILGART**, | Case No. 3:16-cv-79 |
| Plaintiff, | **COMPLAINT** |
| v. | (1) Failure to Pay Minimum Wage [Fair Labor Standards Act, 29 U.S.C. §§ 206(a)]; (2) Failure to Pay Minimum Wage [ORS 653.055]; (3) Failure to Pay Wages Upon Termination [ORS 652.140]; (4) Wage Claim Retaliation [ORS 653.060]; (5) Whistleblower Retaliation [ORS 659A.199]; (6) Aiding & Abetting [ORS 659A.030(1)(f)]; (7) Wrongful Termination [Oregon Common Law]; (8) Breach of Contract |
| **VOIPWALKER, INC.,** a Delaware corporation doing business as **VOICEWALKER**; **VOICEWALKER, INC.**, an Illinois corporation; **TIMOTHY SLEDZ**, an individual, | |
| Defendants. | |
| | JURY TRIAL DEMANDED |

**JURY DEMAND**

1.    Plaintiff Stephen Hilgart ("Plaintiff") demands a trial by jury of all issues properly subject to a jury trial.

**JURISDICTION**

2.    This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201

PAGE 1 – COMPLAINT

*et seq*. ("FLSA") Supplemental jurisdiction over Plaintiff's additional state law claims is proper pursuant to 28 U.S.C. § 1367 because the claims are so closely related to the federal law claim that they are part of the same case or controversy under Article III of the United States Constitution. This court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

3. This court has personal jurisdiction over Defendants because Defendants knowingly employed Plaintiff and conducted business within the state of Oregon. Plaintiff performed services as an employee on Defendants' behalf from within the state of Oregon at Defendants' request. Defendants paid Plaintiff in Oregon and deducted from Plaintiff's paychecks for Oregon income taxes and Oregon workers compensation insurance.

4. A substantial part of the events giving rise to this action occurred in Washington County, Oregon and therefore venue is proper in this court under 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff is an individual resident of Multnomah County, Oregon. At times relevant to this complaint, Plaintiff was a resident of Washington County, Oregon.

6. Defendant VoipWalker, Inc. ("VoipWalker") is a Delaware corporation that operates under the assumed business name VoiceWalker with a principal place of business in DuPage County, Illinois. Defendant VoiceWalker, Inc. ("VoiceWalker") is an Illinois corporation with its principal place of business in DuPage County, Illinois. VoipWalker and VoiceWalker were both engaged in interstate commerce and conduct regular and sustained business activities in the state of Oregon. VoipWalker and VoiceWalker were Plaintiff's joint

employers at all times relevant to this complaint. In the alternative, VoipWalker and VoiceWalker were Plaintiff's successor and predecessor employers, respectively.

7.  Defendant Timothy Sledz ("Sledz") exercised complete and total control over VoipWalker and VoiceWalker, failed to observe corporate formalities or act in the interests of the corporations, undercapitalized VoipWalker and VoiceWalker for his personal gain, and regularly performed supervisory and managerial functions for the entities such that SLEDZ is personally liable to Plaintiff for nonpayment of Plaintiff's wages.

## FACTUAL ALLEGATIONS

8.  Plaintiff became employed by Defendants on or about January 1, 2012.

9.  Defendants agreed to pay Plaintiff a monthly salary of $6,500.00, payable on the 7th and 22nd of each month. This equated to an hourly rate of pay of $37.50.

10. Plaintiff has performed all work Defendants have required and requested of him.

11. Beginning in or around February 2015, Defendants began paying Plaintiff's salary late (i.e., after the scheduled paydays). Defendants have paid Plaintiff only one-half of Plaintiff's agreed-upon wages for the pay period of July 15 through 31, 2015. Defendants have failed to pay Plaintiff any wages any work performed between August 1, 2015 and November 11, 2015.

12. During the relevant periods of nonpayment, Defendants reassured Plaintiff they would make good on their financial obligations to Plaintiff. Relying upon those statements, and in need of a job, Plaintiff continued working for Defendants.

13. Despite failing to pay Plaintiff's earned and unpaid wages, Plaintiff is informed and believes that Defendants have made and continues to make payments related to other employees, vendors, business expenses, and personal expenses.

14. Plaintiff sent Defendants a written demand for payment of wages, including notice of his state and federal minimum wage claims, on October 23, 2015. Despite written notice of Plaintiff's wage claims, Defendants have persisted in their failure to pay Plaintiff's wages.

15. Defendants terminated Plaintiff's employment on November 11, 2015 in direct response to Plaintiff's demand for unpaid minimum and regular wages.

## FIRST CLAIM FOR RELIEF

### Failure to Pay Minimum Wage -- FLSA, 29 U.S.C. § 206(a)

**(Against All Defendants)**

16. Plaintiff re-alleges paragraphs 1 through 15.

17. The Fair Labor Standards Act requires employers to compensate employees who are "employed in an enterprise engaged in commerce […] not less than $7.25 an hour[.]" 29 U.S.C. § 206(a)(1)(C). Defendants violated the FLSA by failing to compensate Plaintiff in the amount required by statute despite knowledge of Plaintiff's accrued wages. Defendants chose to not pay Plaintiff in order to directly benefit Defendants and provide lower cost and/or free services to their clients.

18. Defendants have failed to pay Plaintiff $4,230.78 in federal minimum wages during the period from August 1, 2015 through present.

19. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to the amount of his "unpaid minimum wages, […] an additional equal amount as liquidated damages[,] […] reasonable attorney's fee to be paid by the defendant, and the costs of the action."

## SECOND CLAIM FOR RELIEF

### Failure to Pay Minimum Wage -- ORS 653.055

**(Against All Defendants)**

20.     Plaintiff re-alleges paragraphs 1 through 15.

21.     At all times relevant to this action, Oregon wage and hour law, ORS 653.010 *et seq.*, has required all persons who employ another person in Oregon to pay wages of not less than $9.25 per hour. Defendants have willfully violated these laws by failing to compensate Plaintiff $9.25 per hour worked despite knowledge of Plaintiff's accrued wages. Defendants chose to not pay Plaintiff in order to directly benefit Defendants and provide lower cost and/or free services to their clients.

22.     Defendants have failed to pay Plaintiff $5,397.89 in Oregon minimum wages during the period from August 1, 2015 through present.

23.     Pursuant to ORS 653.055 Plaintiff is entitled to recover the full amount of his unpaid minimum wages and civil penalties provided in ORS 652.150. Defendants' failure to pay minimum wages was a willful violation of wage and hour law and therefore Plaintiff is entitled to recover penalty wages in the amount of $9,000.00 ($37.50 regular rate x 30 days x 8 hours per day) pursuant to ORS 652.150. Plaintiff is also entitled to recover attorney fees pursuant to ORS 653.055(4).

## THIRD CLAIM FOR RELIEF

### Failure to Pay Wages Upon Termination -- ORS 652.140

**(Against All Defendants)**

24.     Plaintiff re-alleges paragraphs 1 through 15.

PAGE 5 – COMPLAINT

25.  At all times relevant to this action, Oregon wage and hour law, ORS 652.140, has required employers to pay all earned and unpaid employee wages to a discharged employee not later than the first business day after the employee is discharged.

26.  Defendants discharged Plaintiff on November 11, 2015. At the time of Plaintiff's discharge, Plaintiff had earned and not been paid wages in the amount of $23,508.33.

27.  Defendants have failed to pay Plaintiff's earned and unpaid wages.

28.  Plaintiff is entitled to recover the full amount of his unpaid wages and civil penalties provided in ORS 652.150. Defendants' failure to pay Plaintiff's wages upon termination was a willful violation of wage and hour law and therefore Plaintiff is entitled to recover penalty wages in the amount of $9,000.00 ($37.50 regular rate x 30 days x 8 hours per day) pursuant to ORS 652.150. Plaintiff is also entitled to recover attorney fees pursuant to ORS 652.200.

## FOURTH CLAIM FOR RELIEF

### Wage Claim Retaliation -- ORS 653.060

**(Against All Defendants)**

29.  Plaintiff re-alleges paragraphs 1 through 15.

30.  Plaintiff made a complaint on October 23, 2015 that Defendants had not paid Plaintiff in accordance with Oregon wage and hour law. Plaintiff specifically notified Defendants that he was about to institute proceedings against Defendants under Oregon wage and hour laws.

31.  Defendants discharged Plaintiff on November 11, 2015 because of Plaintiff's protected conduct.

32.  As a result of Defendants' decision to terminate Plaintiff because of Plaintiff's protected conduct, Plaintiff has suffered economic damages including, but not limited to, lost wages and other employment benefits. Plaintiff has also suffered noneconomic damages,

including stress, anxiety, fear, and uncertainty as a result of Defendants' unlawful employment practices.

33. Plaintiff is entitled to recover attorney fees and expert witness fees pursuant to ORS 659A.885 and ORS 20.107. Plaintiff also seeks an award of statutory interest and reasonable costs incurred in pursuing this matter.

## FIFTH CLAIM FOR RELIEF

### Whistleblower Retaliation -- ORS 659A.199

**(Against All Defendants)**

34. Plaintiff re-alleges paragraphs 1 through 15.

35. Plaintiff made a complaint on October 23, 2015 that Defendants had not paid Plaintiff in accordance with Oregon wage and hour law. Plaintiff reasonably believed that the information he reported to Defendants was evidence of violation of state and federal laws.

36. Defendants discharged Plaintiff on November 11, 2015 because of Plaintiff's protected conduct.

37. As a result of Defendants' decision to terminate Plaintiff because of Plaintiff's protected conduct, Plaintiff has suffered economic damages including, but not limited to, lost wages and other employment benefits. Plaintiff has also suffered noneconomic damages, including stress, anxiety, fear, and uncertainty as a result of Defendants' unlawful employment practices.

38. Plaintiff is entitled to recover attorney fees and expert witness fees pursuant to ORS 659A.885 and ORS 20.107. Plaintiff also seeks an award of statutory interest and reasonable costs incurred in pursuing this matter.

### SIXTH CLAIM FOR RELIEF

### Aiding & Abetting -- ORS 659A.030(1)(g)

### (Against Sledz)

39.     Plaintiff realleges paragraphs 1-15 by reference.

40.     Sledz has aided, abetted, incited, compelled and coerced by directly subjecting and causing VoipWalker and VoiceWalker to subject Plaintiff to harm and adverse employment actions because of Plaintiff's reports of unlawful activity. Specifically, Plaintiff provided

41.     As a result of Defendants' decision to terminate Plaintiff because of Plaintiff's protected conduct, Plaintiff has suffered economic damages including, but not limited to, lost wages and other employment benefits. Plaintiff has also suffered noneconomic damages, including stress, anxiety, fear, and uncertainty as a result of Defendants' unlawful employment practices.

42.     Plaintiff is entitled to recover attorney fees and expert witness fees pursuant to ORS 659A.885 and ORS 20.107. Plaintiff also seeks an award of statutory interest and reasonable costs incurred in pursuing this matter.

### SEVENTH CLAIM FOR RELIEF

### Wrongful Termination

### (Against All Defendants)

43.     Plaintiff re-alleges paragraphs 1 through 15.

44.     Plaintiff made a complaint on October 23, 2015 that Defendants had not paid Plaintiff in accordance with Oregon wage and hour law and demanded immediate payment. Plaintiff specifically notified Defendants that he was about to institute proceedings against Defendants under Oregon wage and hour laws. Plaintiff's complaints regarding Defendants'

violations of wage and hour laws and demand for payment of wages constitute an exercise of employment-related rights of public importance.

45. Defendants discharged Plaintiff on November 11, 2015 because of Plaintiff's protected conduct.

46. Plaintiff's remedies under ORS 659A.885(1) are inadequate because they do not provide for recovery of compensatory damages or punitive damages or a trial by jury.

47. As a direct and proximate result of Defendants' decision to terminate Plaintiff because of Plaintiff's protected conduct, Plaintiff has sustained economic and noneconomic damages including, but not limited to, lost wages and other employment benefits and emotional distress.

## EIGHTH CLAIM FOR RELIEF

### Breach of Contract

### (Against All Defendants)

48. Plaintiff re-alleges paragraphs 1 through 15.

49. Defendants and Plaintiff entered into an agreement in which Plaintiff agreed to perform services on Defendants' behalf in exchange for salary and other benefits.

50. Plaintiff has performed all conditions, covenants, and promises required on his part to be performed in accordance with the terms and conditions of the parties' agreement.

51. Defendants have breached their agreement with Plaintiff by failing to pay Plaintiff as agreed.

52. As a result of Defendants' breach, Plaintiff has been damaged in the amount of $23,508.00. Plaintiff's damages will continue to accrue so long as Defendants continue in their failure to pay Plaintiff.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

A. Unpaid minimum and regular wages totaling $23,508.00;

B. Liquidated damages in the amount of $4,230.78 pursuant to 29 U.S.C. § 216(b);

C. Penalty wages in the amount of $9,000.00 pursuant to ORS 653.055 and ORS 652.150 for Defendants' willful failure to pay Oregon minimum wages;

D. Penalty wages in the amount of $9,000.00 pursuant to ORS 652.140 and ORS 652.150 for Defendants' willful failure to pay Plaintiff's wages upon termination;

E. Economic damages in the amount of $78,000.00;

F. Noneconomic damages in the amount of $100,000.00;

G. Reasonable attorney fees pursuant to 29 U.S.C. § 216(b), ORS 653.055, and ORS 659A.885(1);

H. Costs and disbursements incurred in pursuing this matter;

I. Any and all other relief the court deems proper.


Dated: January 18, 2016                     VOGELE & CHRISTIANSEN


                                            /s/ Joel Christiansen
                                            Joel Christiansen, OSB No. 080561
                                            joel@oremploymentlawyer.com
                                            Of Attorneys for Plaintiff